IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Araceli Perez, | ) | Case No. 18-cv-5232 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Guillermo Martinez and G & Kevin Inc., | ) | |
| d/b/a Golden Palace Banquets, | ) | |
| | ) | Jury demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Araceli Perez ("Plaintiff"), through her attorneys, Lopez & Sanchez, LLP for her Complaint against Guillermo Martinez and G & Kevin Inc., d/b/a Golden Palace Banquets, (collectively "Defendants"), states as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek, and failure to pay all earned wages for all time worked when due.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiff Araceli Perez resided in and was domiciled within this judicial district.

4. At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of her employment, Plaintiff worked in various capacities including selling banquets, setting up the banquet rooms to show customers, assisting with banquets on the day of the banquet, laundering linens for the banquet hall and assisting with other aspects of t as an employee of Defendants.

7. Defendant Guillermo Martinez is an officer of Golden Palace and was involved in the day to day business operation of Defendant Golden Palace. Defendant had the authority to hire and fire persons employed by Defendant Golden Palace, including the Plaintiff; the authority to direct and supervise the work of Defendant Golden Palace, employees; the authority to sign on Defendant Golden Palace checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

8. Defendant Guillermo Martinez was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

9. Defendant G & Kevin Inc., d/b/a Golden Palace Banquets ("Golden Palace"), is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district, specifically at 4235 W 47th St, Chicago, IL 60632.

10. Defendant Golden Palace is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

11. Defendant Golden Palace has had two or more employees, including Plaintiff, who handle goods that moved in interstate commerce.

12. At all relevant times herein, Defendant Golden Palace was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13. Ms. Perez worked for Defendants from January 6, 2016 through August 18, 2017.

14. Plaintiff worked approximately 48 hours per week, although there were times she worked more hours based on her working banquets.

15. Ms. Perez worked primarily doing sales from 2 pm to 8 pm daily. She worked 12 hour days on Saturdays from noon until midnight, preparing the room for the banquet including set-up cleaning and prep work. She worked about 2 hours on Sundays, and she spent about ten hours a week laundering and folding linens for the banquet hall.

16. Ms. Perez was told she would be paid by commission, and that she would receive 10% of all sales she made, but Defendants began to charge against her commission the cost of security and bartenders for the events.

17. Other individuals who sold banquets for Defendants were paid the minimum hourly wage in addition to their commissions.

18. Ms. Perez was not paid any hourly wage except for the time she spent cleaning linens.

19. For the entirety of the year 2016 Ms. Perez was only paid $5956 by Defendants.

20. For the time she worked for Defendants in 2017 they paid her a total of $7807.

21. Plaintiff has executed a consent to sue letter, which is attached to this complaint as an exhibit.

22. From January 1, 2016 through June 30, 2016 the minimum hourly wage in Chicago was $10.00 per hour, the overtime wage rate was $15.00 per hour.

23. From July 1, 2016 through June 30, 2017 the minimum hourly wage in Chicago was $10.50 per hour, the overtime wage rate was $15.75 per hour.

24. . From July 1, 2017 through June 30, 2018 the minimum hourly wage in Chicago was $11.00 per hour, the overtime wage rate was $16.50 per hour.

25. Plaintiff has executed a consent to sue letter, which is attached to this complaint as an exhibit.

## COUNT I
## Violation of the Fair Labor Standards Act - Minimum Wages

26. Plaintiff incorporates and re-alleges paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiff that she was due.

28. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

29. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

30. Plaintiff worked approximately 48 hours per week, although there were times she worked more hours based on her working banquets.

31. Ms. Perez worked primarily doing sales from 2 pm to 8 pm daily. She worked 12 hour days on Saturdays from noon until midnight, preparing the room for the banquet including set-up

4

cleaning and prep work. She worked about 2 hours on Sundays, and she spent about ten hours a week laundering and folding linens for the banquet hall.

32. Defendants failed to pay any hourly wages to Plaintiff and only sporadically paid her commissions.

33. Pursuant to 29 U.S.C. §206, Plaintiff was entitled to be compensated at a rate of between $10.00 and $11.00 per hour all time worked less than forty (40) hours in individual work weeks.

34. Defendant's failure to pay Plaintiff the minimum wage for all time worked up to forty (40) hours per week violated the FLSA, 29 U.S.C. § 206.

35. Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked up to forty (40) hours in individual work weeks.

36. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay her the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount Plaintiff's regular rate for all time Plaintiff worked in Up to forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act - Overtime Wages

37. Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint as though fully set forth herein.

38. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

39. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

40. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

41. Plaintiff worked approximately 48 hours per week, although there were times she worked more hours based on her working banquets.

42. Ms. Perez worked primarily doing sales from 2 pm to 8 pm daily. She worked 12 hour days on Saturdays from noon until midnight, preparing the room for the banquet including set-up cleaning and prep work. She worked about 2 hours on Sundays, and she spent about ten hours a week laundering and folding linens for the banquet hall.

43. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

44. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

45. Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law-Minimum Wages

47. Plaintiff realleges and incorporates paragraphs 1-46 as if set forth herein.

48. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay the minimum wage to Plaintiff for all time worked up to of forty (40) hours in certain individual work weeks.

49. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

50. Plaintiff worked approximately 48 hours per week, although there were times she worked more hours based on her working banquets.

51. Ms. Perez worked primarily doing sales from 2 pm to 8 pm daily. She worked 12 hour days on Saturdays from noon until midnight, preparing the room for the banquet including set-up

7

cleaning and prep work. She worked about 2 hours on Sundays, and she spent about ten hours a week laundering and folding linens for the banquet hall.

52. Pursuant to (820 ILCS 105/4) Plaintiff was entitled to be compensated at an hourly rate of between $10.00 and $11.00 per hour pay for all time worked up to forty (40) hours in individual work weeks.

53. Defendant did not compensate Plaintiff at the minimum rate of pay for all time worked up to forty (40) hours in individual work weeks.

54. Defendant's failure to pay Plaintiff the minimum wage for all time worked up to in forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

55. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

>WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:
>
>A. A judgment in the amount of all back wages due as provided by the IMWL;
>
>B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);
>
>C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and
>
>D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law-Overtime Wages

56. Plaintiff realleges and incorporates paragraphs 1-55 as if set forth herein.

57. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

58. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

59. Plaintiff worked approximately 48 hours per week, although there were times she worked more hours based on her working banquets.

60. Ms. Perez worked primarily doing sales from 2 pm to 8 pm daily. She worked 12 hour days on Saturdays from noon until midnight, preparing the room for the banquet including set-up cleaning and prep work. She worked about 2 hours on Sundays, and she spent about ten hours a week laundering and folding linens for the banquet hall.

61. Pursuant to 820 ILCS 105/4(a)(1) Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

62. Defendant did not compensate Plaintiff at the rate of one and one half time her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

63. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

64. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: July 31, 2018